Milligan, J.,
delivered the opinion of tlie court:
This action is prosecuted to recover the net proceeds of twenty-two bales of cotton, alleged to have been seized by the United States military forces at De Shea Landing, on the Arkansas Liver, in December, 1864.
A single question, going to the claimant’s right to recover, was raised on the trial by the Assistant Attorney-General, and that is, that the cotton, the proceeds of which are claimed in this suit, was purchased by the claimant while residing in the Union lines of military occupation, within and across the rebel lines, and therefore the contract of sale was unlawful under the non-intercourse acts. This is a pure question of fact, and if the proposition of the Assistant Attorney-General is sustained by the proof, the action must fail. The court has carefully examined all the legitimate evidence on this point, and we find as a fact, the cotton was purchased within the military lines of Federal occupation, and the title thereto lawfully vested in the claimant.
This objection being removed, there is nothing more in the claimant’s way of recovery. The seizure, sale, and payment of the proceedsinto the .Treasury are all fully established by the proof.
It further appears when the cotton was received at Memphis the twenty-two bales cajitured were compressed into twenty-one bales, which were sent forward to W. P. Mellen, supervising Treasury agent at Cincinnati, and there sold for the gross sum of $2,760. From this sum, $902.53 were deducted as charges incident to the shipment and sale of the cotton. To these charges the claimant by his attorney excepts, and asks judgment for the gross sum less the legitimate expenses for which this cotton sold at Cincinnati.
The bill of charges accompanying the report of sale is as follows:
Paid steamboat Silver Moon, charges, Memphis. $313 77
Paid W. W. Orine. -. 80 00
Paidfreight... 63 00
One-tenth of one per cent, duty on auction sale. 2 76
Custom-house fees on 9,200 pounds, at 4 cents. 368 00
City weigher’s bill..*.. 2 10
Storage and insurance, Addy, Hull & Eay... 31 50
One and one half per cent, to cover incidental expenses. 41 40
*448 Under the decision in Bynum's Case (ante) just announced, there is no pretense that any of the items in the foregoing bill of charges are recoverable in this action, unless it be the custom-house fees and the 1J percent, charge to “cover incidental expenses.”
In Bynum's Case we have just decided that “custom-house fees” were not a legitimate charge against the fund, and in the absence of proof that they were-not páid out to third parties, the claimants should recover them in an action under the captured and abandoned property acts; and that decision must rule the question in respect to ’such charges raised in this case.
In Wily's Case (6 C. Cls., p. 295) this court, through a misapprehension of fact, held that the “1 1/2 per cent, to cover incidental expenses” could not be allowed as a legitimate item of expense, and gave judgment in favor of the claimant for the amount so charged.
The ruling in that case was made under the belief that this item of expense was retained by the Treasury, and therefore within the jurisdiction and control of the court. But a subsequent and a more careful examination of the fourteenth rule of the Treasury regulations of the 11th of September, 1863, which has been recognized by the Act July 2,1864, convinces us that the sum reserved by this item of expense was, perhaps, in every instance, either paid out to third parties, or retained by the Treasury agents under the authority of the Secretary. This item not being in the Treasury to answer any judgment we may render for it, is, under the rule in Bynum's Gase, cut off, and we therefore hold the claimant not eutitled to recover for it.
But the claimant will be entitled to recover for the twenty-one bales sold in Cincinnati, which, as reported by the Treasury, after deducting $902.53 expenses, amounts to the sum of $1,857.47, which, together with $368, “custom-house fees,” improperly charged against the fund, makes $2,225.47, for -which judgment will be entered.